# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMA SMITH, | Civil Action No. 16-3701 (MCA) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| STEVEN JOHNSON, et al., | |
| Respondents. | |

This matter has been opened to the Court by Petitioner's filing of a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and his submission of a request to stay the matter to exhaust certain unspecified claims in state court. (ECF Nos. 1, 1-4.) For the reasons explained in this Memorandum and Order, the Court will deny Petitioner's request for a stay without prejudice to his filing of a new motion for a stay within 45 days that complies with *Rhines v. Weber*, 544 U.S. 269 (2005). The Court will also provide Petitioner with the required notice pursuant to *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000).

Together with his Petition, Petitioner submitted a "Notice of Motion to File a Substantially Equivalent Petition for a Writ of Habeas Corpus." (ECF No. 1-4.) Petitioner appears to ask the Court for a stay to exhaust unspecified federal claims in state court. In his Petition, however, Petitioner does not identify any claims as unexhausted, and states that he filed his habeas petition "[a]fter complete exhaustion of his state-court appeals[.]" (ECF No. 1, Pet. at 18.) As such, it is not clear whether Petitioner seeks a stay or if he has exhausted all federal claims for which he seeks habeas relief.

Under The Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA"), this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted

the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir.1997); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993). The Exhaustion Doctrine requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground that is raised in the petition to all three levels of the New Jersey courts, that is, the Law Division, the Appellate Division, and the New Jersey Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982). In addition, under AEDPA, except in extremely limited circumstances, the prisoner must file this one all-inclusive § 2254 petition within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d).

In *Rhines v. Weber*, , the Supreme Court held that a district court has the authority to stay a mixed § 2254 petition when a stay would be compatible with AEDPA's purposes, *Rhines*, 544 U.S. at 276, and that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." *Id.* at 278. *See also Heleva v. Brooks*, 581 F.3d 187 (3d Cir. 2009) (holding that stay-and-abeyance under *Rhines* standard also applies to a request to stay a § 2254 petition which contains only unexhausted claims). The *Rhines* Court explained:

> If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under [*Rose v. Lundy*, 455 U.S. 509 (1982)] after the limitations period has expired, this will likely mean the termination of any federal review. For example, if

2

> the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court.

*Rhines*, 544 U.S. at 275.

Here, the Court will deny Petitioner's request for a stay <u>without prejudice</u> because Petitioner has not identified any unexhausted claims or met the requirements for a stay by showing (1) that his unexhausted claims are potentially meritorious, (2) that he has good cause for failing to exhaust, and (3) the absence of intentionally dilatory litigation tactics. As such, the Court will deny Petitioner's motion for a stay without prejudice to his filing of a new motion for a stay within 45 days that complies with *Rhines*. The motion for a stay must clearly identify each unexhausted claim and show the following: (1) that Petitioner's unexhausted claims are potentially meritorious; (2) that he has good cause for failing to exhaust; and (3) the absence of intentionally dilatory litigation tactics.

The Court further notes that the form used by Petitioner does not contain the required notice under *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000). As such, the Court will now provide the *Mason* notice to Petitioner. Before a District Court may rule on a section 2254 petition from a *pro se* petitioner, it must notify the petitioner that he may: (1) have his petition ruled on as filed, or (2) withdraw the petition and file one all-inclusive § 2254 petition "within the one year statutory period." *Mason v. Meyers*, 208 F.3d 414, 418 (3d Cir. 2000); *see United States v. Miller*, 197 F.3d 644, 652 (3d Cir.1999) (holding the same for a section 2255 petition). This notice is required "out of a sense of fairness," *Mason*, 208 F.3d at 418, because the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA") has a restrictive effect on successive habeas petitions; *see also Holden v. Mechling*, 133 F. App'x 21, 22 (3d Cir. 2005) (explaining same).

Within 45 days, Petitioner shall also notify the Court as to whether (1) he wishes to have

his Petition ruled on as filed or (2) wishes to withdraw his Petition and submit one all-inclusive § 2254 Petition. If Petitioner wishes to submit an amended petition, he shall submit the amended petition within 45 days of the date of this Court's Order.

**IT IS, THEREFORE,** on this 2nd day of November 2017,

**ORDERED** that Petitioner's request to stay the § 2254 Petition is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Petitioner has 45 days from the date of the entry of this Order to submit a new motion for a stay that complies with *Rhines v. Weber*, 544 U.S. 269 (2005); and it is further

**ORDERED** that Petitioner shall notify the Court within 45 days of the date of this Order whether he wishes to have his Petition ruled on as filed or whether he wishes to withdraw his Petition and submit one all-inclusive § 2254 petition; and it is further

**ORDERED** that to the extent Petitioner wishes to withdraw his original petition and submit one all-inclusive amended petition, he must submit the amended petition within 45 days of the date of this Court's Order; and it is further

**ORDERED** that, if Petitioner fails to submit for filing an amended § 2254 petition within 45 days of the date of the entry of this Order, then this Court will consider Docket Entry #1 as Petitioner's one and only all-inclusive § 2254 Petition, and it is further

**ORDERED** that the Clerk of the Court shall forward Petitioner a blank habeas petition form—AO 241 (modified):DNJ-Habeas-008(Rev.01-2014); and it is further

**ORDERED** that the Clerk's service of the blank habeas petition form shall not be construed as this Court's finding that the original petition is or is not timely, or that Petitioner's claims are or are not duly exhausted; and it is further

**ORDERED** that the Clerk shall serve this Order by regular mail upon Petitioner at the address on file.

_____
Madeline Cox Arleo, District Judge
United States District Court