UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMA SMITH,

    Petitioner,

v.

STEVEN JOHNSON, et al.,

    Respondents.

Civil Action No. 16-3701 (MCA)

MEMORANDUM OPINION

This matter has been opened to the Court following supplemental briefing regarding Grounds Seven and Nine of Petitioner's Petition, which assert ineffective assistance of counsel claims pursuant to *Lafler v. Cooper*, 566 U.S. 156 (2012) ("*Lafler* Claim"). The Court previously denied the Petition in part and deferred decision on Grounds Seven and Nine and on issuance of a certificate of appealability ("COA"). For the reasons explained below, the Court finds that the *Lafler* Claim, as asserted in Grounds Seven and Nine, is procedurally defaulted, and Petitioner has not established cause or actual prejudice sufficient to overcome the default. Moreover, even if Grounds Seven and Nine were not procedurally defaulted, the Court finds that the Appellate Division's alternate merits resolution of the *Lafler* Claim does not unreasonably apply federal law. For these reasons, the Court denies Grounds Seven and Nine and also denies a COA.

In Grounds Seven and Nine of his Petition, Petitioner asserts that he received ineffective assistance of counsel during the plea-bargaining stages because counsel failed to advise Petitioner accurately regarding the maximum parole disqualifier he faced as a result of rejecting the state's plea offer and proceeding to trial, where he ultimately received a significantly higher sentence. Petitioner argues that the state courts unreasonably applied the constitutional standards

1

for effective assistance of counsel laid out in *Strickland v. Washington*, 466 U.S. 668 (1984), as articulated by the United States Supreme Court in *Lafler v. Cooper*, 566 U.S. 156 (2012).

Petitioner's judgment of conviction "JOC") is dated November 4, 2012. (ECF No. 10-3.) Petitioner filed a direct appeal, and the Appellate Division affirmed his convictions and mandatory consecutive term imposed on Count ten, but remanded for resentencing in light of *State v. Natale (II)*, 878 A.2d 724 (N.J. 2005), and for the trial judge to explain his reasons for imposing a consecutive sentence on Count twelve. *State v. Smith*, 2007 WL 3005342, at *10 (N.J. Super. App. Div. Oct. 17, 2007).

Petitioner filed a petition for certification, and the New Jersey Supreme Court granted the petition for certification in part, "limited solely to reviewing defendant's claim that, to convict under N.J.S.A. 2C:39–3(d), the State must prove a defendant's knowledge of possession of the weapon and knowledge of the weapon's defacement." *State v. Smith*, 197 N.J. 325, 330 (2009) (citing *State v. Smith*, 193 N.J. 584 (2008)). On January 27, 2009, the Supreme Court affirmed defendant's conviction. *Id.* at 339.

In the meantime, pursuant to the Appellate Division's remand, Petitioner was resentenced on October 3, 2008, and the judge re-imposed the sentence from the previous judgment of conviction. (ECF No. 10-37.) Petitioner appealed the resentencing, and on April 2, 2009, while the appeal was pending, the New Jersey State Parole Board sent a letter to the presiding judge of Passaic County requesting clarification of Petitioner's sentence, noting that it appeared that the sentence imposed was thirty years with a 10-year parole ineligibility term. (*See* ECF No. 17, at 141 .) On May 14, 2010, the trial judge conducted a hearing and determined that the original judgment of conviction contained clerical errors, and that he had imposed a total aggregate sentence of 40 years with a 20-year parole ineligibility term. (ECF No. 10-38, Exhibit

38.) The trial judge amended the JOC to reflect the sentence he actually imposed. (ECF No. 17, PA 53-55, Amended JOC dated May 14, 2010.)

An amended notice of appeal was filed, and the Appellate Division affirmed the sentence in a per curiam opinion on July 28, 2011. (ECF No. 17, PA 56-69.) The New Jersey Supreme Court denied certification on January 19, 2012. (ECF No. 17, PA 70.)

In the meantime, Petitioner raised the *Lafler* Claim in his PCR, which was filed on or about March 12, 2010, more than five years after his original JOC. In a certification dated June 21, 2013, Petitioner alleged that he received ineffective assistance of counsel because his trial attorney failed to accurately inform him of the maximum period of parole ineligibility he faced if he proceeded to trial and was convicted of all of the charges. Defendant certified that had he known he could receive twenty years of parole ineligibility, rather than the thirteen years discussed during the Rule 3:9–1 proceeding and in paragraph numbered five of the pretrial memorandum, he would have accepted the State's plea offer instead of going to trial. (*See* ECF No. 17, PA 76-78.)

The PCR court rejected this claim as procedurally barred under Rule 3:22-12 because it was filed approximately four months beyond the 5-year deadline for bringing a PCR petition. The PCR court also addressed the merits of the *Lafler* Claim and determined that Petitioner failed to meet the second prong of *Strickland*, because Petitioner was aware that he faced a "far greater sentence if convicted after trial" and because Petitioner maintained his innocence during trial and at sentencing and would not be able to provide a factual basis had he accepted the plea deal. (*See* ECF No. 10-39, PCR Hearing Tr. 34-5 to 34-21; 30-11 to 33-6.).

On appeal of the denial of PCR, the Appellate Division addressed the *Lafler* Claim as follows:

3

We first address defendant's contention that the PCR court erred in rejecting the claim that his trial counsel was ineffective by failing to accurately inform him regarding the maximum period of parole ineligibility he faced if convicted of the charges after trial. Defendant asserted that if he had been accurately informed of the maximum period of parole ineligibility, he would have accepted the State's plea offer and not proceeded to trial.

We are convinced the PCR court properly rejected defendant's argument and denied the petition. Where it is claimed that trial counsel's mistaken advice regarding potential sentencing exposure caused a defendant to reject a plea offer and proceed to trial, the defendant establishes prejudice under the second prong of the *Strickland* standard by demonstrating that he would have accepted the plea offer if he had been aware of his sentencing exposure, that his guilty plea would have been accepted by the court, and that the conviction and sentence he would have received under the plea offer would have been less severe than those resulting from the trial. *Lafler v. Cooper*, —— U.S. ——, 132 S.Ct. 1376, 1385, 182 L. Ed.2d 398, 407 (2012).

As the PCR court correctly found here, even assuming trial counsel had accurately advised defendant he could receive a twenty-year period of parole ineligibility, the court could not have accepted the proposed plea agreement because defendant could not have provided a factual basis supporting convictions for the offenses to which he was required to plea under the agreement. Defendant maintained his innocence throughout the matter and testified under oath at trial that he did not possess CDS or the handgun, did not point a handgun at the officers, did not resist arrest, and did not engage in a hand-to-hand drug transaction.

The [New Jersey] Supreme Court has stated:

If a trial court cannot accept a guilty plea that is known to be false, then it would be strange indeed for a PCR court to vacate a jury verdict following a fair trial on the ground that defendant would have taken an advantageous plea offer with a limited sentence exposure if only he had been given the opportunity to lie under oath. A court cannot give its imprimatur to perjury or in any way suggest that the requirement of a truthful factual basis at a plea colloquy is an empty formality.

[*Taccetta, supra*, 200 N.J. at 197.]

Our court rules require that there be a factual basis supporting a plea of guilty and that, to accept a guilty plea, "a judge must be 'satisfied from the lips of the defendant that he committed the acts which constitute the crime.'" *Id.* at 196 (quoting *State v. Slater*, 198 N.J. 145, 155 (2009)).

4

"Even if a defendant wished to plead guilty to a crime he or she did not commit, he or she may not do so. No court may accept such a plea." *Taccetta*, supra, 200 N.J. at 196 (quoting *State v. Smullen*, 118 N.J. 408, 415 (1990)). Defendant here could not have entered a plea of guilty to any of the charges pursuant to the State's plea offer, "for the simple reason that a defendant does not have the right to commit perjury in giving a factual basis for a crime he insists he did not commit." *Id.* at 194. He denied under oath at trial committing all of the offenses charged in the indictment. Even assuming defendant satisfied "the first prong of the *Strickland/Fritz* standard—that his counsel was constitutionally ineffective for giving him mistaken advice about the sentencing consequences of proceeding to trial—defendant [did not] satisfy the second prong of that standard, which require[ed] a showing of prejudice" because the court could not have accepted defendant's guilty plea. *Id.* at 194–95.

We are convinced the PCR court correctly found that defendant did not demonstrate prejudice under the second prong of the *Strickland* standard and, as a result, did not establish a prima facie case of ineffective assistance of counsel. Defendant was therefore not entitled to an evidentiary hearing. *Marshall*, supra, 148 N.J. at 158.

We also reject defendant's argument that the court erred in finding that the PCR petition was time barred under Rule 3:22–12. Rule 3:22–12(a) requires a defendant to file a petition for PCR within five years of the entry of the judgment or sentence unless the defendant shows that the delay "beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions [are] found to be true enforcement of the time bar would result in a fundamental injustice." "The [ ] time limitation[ ] shall not be relaxed, except as provided" in Rule 3:22–12. R. 3:22–12(c); see R. 1:3–4(c) ("Neither the parties nor the court may [ ] enlarge the time specified by ... R. 3:22–12.").

Defendant's judgment of conviction was entered on November 12, 2004, and his PCR petition was required to have been filed by November 12, 2009. Defendant filed his petition on March 17, 2010, four months beyond the deadline contained in Rule 3:22–12. Defendant acknowledges that the five-year time bar commenced upon the entry of his judgment of conviction and was neither tolled nor stayed by the prior appellate proceedings. *See, e.g., State v. Dugan*, 289 N.J. Super. 15, 19 (App. Div.), certif. denied, 145 N.J. 373 (1996). He contends, however, that his failure to timely file the petition should be excused under Rule 3:22–12(a)(1) because he appeared pro se and the attorneys who represented him on his

5


> various direct appeal proceedings did not advise him of the deadline for filing a PCR petition. We disagree.
>
> Defendant's pro se status does not provide a basis to permit his late filing of his PCR petition. Any claimed "[i]gnorance of the law and rules of court does not qualify as excusable neglect." *State v. Merola*, 365 N.J. Super. 203, 218 (Law Div. 2002) (citing *State v. Murray*, 162 N.J. 240, 246 (2000)), aff'd o.b., 365 N.J. Super. 82, 84 (App.Div.2003), certif. denied, 179 N.J. 312 (2004).
>
> We do not consider defendant's contention that the purported failure of his direct appeal counsel to advise him of the filing deadline constitutes excusable neglect under Rule 3:22–12. We cannot consider defendant's argument because it is founded upon facts which are not supported by an affidavit or certification. *See State v. Jones*, 219 N.J. 298, 312 (2014) ("[T]he Court Rules [ ] require that factual assertions in a petition for post-conviction relief be made by affidavit or certification in order to secure an evidentiary hearing."); R. 3:22–10(c).
>
> Moreover, we decline to consider the argument because it was not raised below and does not involve jurisdictional or public interest concerns. *Zaman v. Felton*, 219 N.J. 199, 226–27 (2014); *see also Nieder v. Royal Indem. Ins. Co.*, 62 N.J. 229, 234 (1973) ("[O]ur appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.' " (quoting *Reynolds Offset Co., Inc. v. Summer*, 58 N.J. Super. 542, 548 (App. Div.1959), *certif. denied*, 31 N.J. 554 (1960))).
>
> Even assuming defendant made a showing of excusable neglect under Rule 3:22–12(a)(1), he failed to demonstrate that enforcement of the time bar would result in a fundamental injustice. Defendant could not demonstrate a fundamental injustice because, as noted, he failed to establish a prima facie case of ineffective assistance of counsel under the *Strickland* standard.

*State v. Smith*, 2016 WL 698565, at *5–7 (N.J. Super. App. Div. Feb. 23, 2016).[1] The Supreme Court of New Jersey denied the petition for certification. *State v. Smith*, 225 N.J. 340 (N.J. 2016).

---

[1] Respondents argue that the Appellate Division also rejected Petitioner's claim that his attorney misinformed him about his maximum parole disqualifier. *See* ECF No. 8, Respondent's Answer at 45.) The Court disagrees, as the Appellate Division determined that the "PCR court correctly

At issue is whether Plaintiff's *Lafler* Claim, as asserted in Grounds Seven and Nine, is procedurally defaulted. In its prior decision, the Court ordered the parties to provide supplemental briefing on procedural default. *See* ECF No. 20. The parties have submitted their supplemental briefs, ECF Nos. 21-22, and the matter is ready for disposition.

Procedural default occurs when a claim has not been fairly presented to the state courts (i.e., is unexhausted) and there are no additional state remedies available to pursue, *see Wenger v. Frank*, 266 F.3d 218, 223–24 (3d Cir. 2001); or, as in this case, when an issue is properly asserted in the state system but not addressed on the merits because of an independent and adequate state procedural rule. *See McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999). "Ordinarily, violation of firmly established and regularly followed state rules ... will be adequate to foreclose review of a federal claim. There are, however, exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 534 U.S. 362, 376 (2002) (internal quotation marks and citations omitted).

In this case, the Appellate Division first rejected Petitioner's *Lafler* Claim on the merits and subsequently found that Petitioner's *Lafler* Claim was barred by N.J. Ct. R. 3:22-12, because

---

found that defendant did not demonstrate prejudice under the second prong of the *Strickland* standard" and did not address whether counsel was deficient. *See id.* at 6. Indeed, the Appellate Division further stated:

> Because defendant failed to establish prejudice under the second prong of the Strickland standard, it was unnecessary for the PCR court to resolve the issue of whether defendant's response in paragraph numbered six on the pretrial memorandum provided adequate notice that he faced a twenty-year period of parole eligibility if convicted of all of the charges at trial.

*Id.* at *5, n. 3.

7

it was filed four months beyond the 5 year limitation period for filing petitions for postconviction relief.

In *Harris v. Reed*, 489 U.S. 255 (1989), the Supreme Court considered the application of the adequate and independent state ground doctrine to claims on habeas review and held that a procedural default does not bar consideration of a federal claim on . . . habeas review unless the last state court rendering a judgment in the case "'clearly and expressly'" states that its judgment rests on a state procedural bar." *Id.* at 263. In *Harris*, the Supreme Court established a "plain statement" rule that there would be no procedural default, for purposes of federal habeas review, unless "the last state court rendering judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."[2] 489 U.S. at 263. The Court in *Harris* expressly noted, however, that state courts may both rely on state procedural bars and reach federal substantive questions in denying habeas relief:

> Moreover, a state court need not fear reaching the merits of a federal claim in an alternative holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 [56 S.Ct. 183, 80 L.Ed. 158] (1935). Thus, by applying this doctrine to habeas cases, . . . reconsideration of the federal issue on federal habeas [is curtailed] as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

---

[2] *Harris'* plain statement rule was subsequently narrowed by *Coleman v. Thompson*, 501 U.S. 722, 735 (1991), which clarified that the first step is to determine whether the decision of the last state court to which the petitioner presented his federal claims "fairly appears to rest primarily on federal law, or to be interwoven with the federal law." Only then, if there is such a reliance on federal law, do we look at whether the state court clearly and expressly based its ruling on a state procedural ground. *Id; see also Johnson v. Pinchak*, 392 F.3d 551, 557 (3d Cir. 2004). Here, it appears the Appellate Division's decision is at least interwoven with federal law, as the Appellate Division applied the *Strickland/Lafler* standards to Plaintiff's *Lafler* claim.

*Harris*, 489 U.S. at 264 n. 10; *see also Cabrera v. Barbo*, 175 F.3d 307, 314 (3d Cir. 1999) (holding that the fact that Appellate Division also addressed the lack of merit in the ineffective assistance of counsel claim "does not undermine our conclusion that the state courts rejected Cabrera's claim on an independent and adequate state basis, as the comment at most was an alternative holding"). In *Rolan v. Coleman*, 680 F.3d 311, 320 (3d Cir. 2012), the Third Circuit explained that the *Harris* footnote "suggests that where a holding provides sufficient basis for the state court's judgment, it should be upheld by the federal court", and that "[t]he Supreme Court's language [in the *Harris* footnote] does not limit the federal court's consideration based upon whether such state court articulation form the primary basis for its decision, or an alternate and sufficient basis for the decision." *Id.*

Petitioner argues that the *Lafler* Claim is not procedurally defaulted because the Appellate Division addressed the merits of the *Lafler* Claim at length and did not clearly state that its decision also rested on a state procedural bar.[3] The Court disagrees. Pursuant to *Harris*, it does not matter that the Appellate Division first addressed the *Lafler* Claim on the merits or that the Appellate Division addressed the merits at length because the court also clearly held that the claims were barred by Rule 3:22–12. Specifically, the Court stated: "We also reject defendant's argument that the court erred in finding that the PCR petition was time barred under Rule 3:22–12." *State v. Smith*, 2016 WL 698565, at *7. Petitioner makes no argument that Rule 3:22-12 is not a regularly followed rule; indeed, the Third Circuit has expressly found Rule 3:22-12 to be an independent and adequate ground for procedural default. *See Johnson v. Pinchak*,

---

[3] The Petitioner also notes that none of the other habeas claims were procedurally barred, but Grounds Seven, Eight, and Nine were the only claims Petitioner raised in his PCR, and the Court rejected Ground Eight because it is not cognizable in federal habeas review. The remaining claims were raised in Petitioner's direct appeal.

9

392 F.3d 551, 562 (3d Cir. 2004) ("From the unambiguous language of Rule 3:22–12 and from the many prior cases that have consistently applied the time bar, it is clear that this procedural rule was an independent and adequate state ground establishing procedural default."). As such, the Court finds that Grounds Seven and Nine are procedurally defaulted.

A federal habeas court may entertain a procedurally defaulted claim if the petitioner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Alternatively, a petitioner may overcome procedural default by demonstrating that failing to allow his claims to proceed would result in a fundamental miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298, 320-22 (1995). Lastly, if a petitioner has committed a procedural default and has not shown either cause and prejudice or a miscarriage of justice, the proper disposition is to dismiss the procedurally defaulted claim with prejudice. *See, e.g., Wainwright v. Sykes*, 433 U.S. 72 (1977).

Here, Petitioner has not established cause and prejudice <u>or</u> actual innocence to excuse the procedural default. Petitioner's direct appeal was still pending when the five-year period to file his PCR expired, and Petitioner previously asserted that his attorneys on direct appeal failed to advise him of the filing deadline. Although cause for procedural default may be established where counsel of record abandons his or her client without warning, *see Maples v. Thomas*, 565 U.S. 266, 289 (2012), an attorney's oversight or error with respect to filing deadlines do not provide sufficient cause for procedural default.[4] *See Coleman*, 501 U.S., at 753. Because Petitioner has not provided sufficient cause for the procedural default, the Court need not reach whether he can establish prejudice. Petitioner also argues that failure to hear his claim amounts

---

[4] Because Petitioner's attorneys represented him on his direct appeal and not in his petition for postconviction relief, it is not clear they had any duty to advise him about the five-year deadline.

10

to a fundamental miscarriage of justice. A fundamental miscarriage of justice requires a showing of actual innocence. *See Schlup v. Delo*, 513 U.S. at 327–28. Petitioner is unable to meet the actual innocence standard. As such, Ground Seven and Nine are subject to dismissal on the basis of procedural default.

Moreover, even if the *Lafler* Claim were not procedurally defaulted, Petitioner fails to show that the Appellate Division relied on an unreasonable application of clearly established federal law or an unreasonable determination of the facts in resolving his *Lafler* Claim.[5] Defendants have a constitutional right to effective assistance of counsel during plea negotiations. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To prevail on a claim of ineffective assistance of counsel, Petitioner is required to establish that counsel's performance "fell below an objective standard of reasonableness" and caused him prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The nub of the prejudice inquiry is whether the attorney's deficient performance leaves the defendant worse off. In the plea-bargaining context, the defendant must first establish a reasonable probability that the plea agreement would have been consummated. *Missouri v. Frye*, 566 U.S. 134, 147 (2012). This requires a reasonable probability that: (1) "the defendant would have accepted the plea," (2) "the prosecution would not have withdrawn it in light of intervening circumstances," and (3) "the court would have accepted its terms." *Lafler*, 566 U.S. at 164. The defendant must then "show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." As explained in *United States v. Day*, 969 F.2d 39, 43 (3d Cir.

---

[5] The Third Circuit has held that AEDPA deference, rather than de novo review, applies when a state court decides a claim on procedural grounds and, alternatively, on the merits. *See Rolan*, 680 F.3d at 319 (addressing claim using AEDPA deference after determining that procedural default did not apply). As such, the Court applies AEDPA deference in reviewing Petitioner's *Lafler* Claim.

11

1992), "[k]nowledge of the comparative exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty." *Day*, 969 F.2d at 43.

Many courts, including the Third Circuit, have questioned whether a petitioner who maintains his innocence can make the required showing under *Lafler*. *See, e.g., United States v. Tarnai*, 782 F. App'x. 128, 132 (3d Cir. 2019) ("[Petitioner] has not established the government would have allowed him to take the plea while insisting on his innocence."); *Humphress v. United States*, 398 F.3d 855, 859 (6th Cir. 2005) (noting that defendant's assertion of innocence undermined his contention that he would have accepted a plea deal); *Sanders v. United States*, 341 F.3d 720, 723 (8th Cir. 2003) ("A defendant who maintains his innocence at all the stages of his criminal prosecution and shows no indication that he would be unwilling to admit his guilt undermines his later § 2255 claim that he would have pleaded guilty if only he had received better advice from his lawyer."); *United States v. Stevens*, 149 F.3d 747, 748 (8th Cir.1998) (concluding that defendant could not establish prejudice when his post-trial assertions of innocence demonstrated that he would not have entered a guilty plea).

Although the Third Circuit has not issued a precedential decision addressing this issue, in *Davis v. Administrator New Jersey State Prison*, 795 F. App'x. 100, 102–03 (3d Cir. 2019), the circuit court affirmed the denial of habeas relief in a similar *Lafler* claim:

> The [New Jersey] Appellate Division held that [petitioner] could not meet *Strickland's* prejudice prong because he consistently maintained his innocence, including "denying his guilt and indicating his whereabouts away from the crime scene on the night of the shooting" during his testimony at trial. App. 134a.
>
> As the *Taccetta* court explained, "[t]he notion that a defendant can enter a plea of guilty, while maintaining his innocence, is foreign to our state jurisprudence" and "[c]ourt-sanctioned perjury is not a permissible basis for the entry of a plea in [New Jersey]." 975 A.2d at 935.
>
> Applying *Taccetta*, the Appellate Division concluded that [petitioner] could not have accepted a favorable plea deal as a

12

> matter of New Jersey law. We cannot "reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* Here, we can find no such violation. [Petitioner] asserts no federal right to plead guilty in this circumstance. *See North Carolina v. Alford*, 400 U.S. 25, 38 n.11, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) ("States may bar their courts from accepting guilty pleas from any defendants who assert their innocence.").
>
> Accordingly, it was not unreasonable for the Appellate Division to conclude that [petitioner] failed to show any prejudice from the alleged failure of counsel to provide him with an accurate explanation of his sentence exposure. [Petitioner] had maintained — and continues to maintain — his innocence and is thereby prohibited under New Jersey law from pleading guilty. *See Taccetta*, 975 A.2d at 935. There can be no prejudice if counsel's deficient performance merely deprived [petitioner] of the opportunity to do something that would have been legally prohibited. *See Nix v. Whiteside*, 475 U.S. 157, 175, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986) (explaining that a defendant who is "persuaded or compelled to desist from perjury ... has no valid claim that confidence in the result of his trial has been diminished" and thus cannot claim prejudice).

*Id.; see also Taccetta v. Administrator New Jersey State Prison*, 601 F. App'x. 165, 168 (3d Cir. 2015) (applying the same reasoning).

Following the Third Circuit's decisions in *Davis* and *Taccetta*, this Court also finds that the Appellate Division did not unreasonably apply clearly established federal law when it determined that Petitioner failed to establish *Strickland* prejudice in light of *Taccetta's* prohibition against pleading guilty while maintaining one's innocence. Indeed, the Appellate Division relied on state law, which this Court may not review. As such, to the extent Grounds Seven and Nine are not procedurally defaulted, Petitioner is not entitled to federal habeas relief on these claims.

Having denied relief on Petitioner's remaining habeas claims, the Court will also deny a COA as to all claims in the Petition. Pursuant to 28 U.S.C. § 2253(c), a petitioner may not

13

appeal from a final order in a habeas proceeding unless he has "made a substantial showing of the denial of a constitutional right." Similarly, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim[s], a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Didiano v. Balicki*, Civil Action No. 09–2315 (FLW), 2010 WL 1752191, at *6-7 (Apr. 29, 2010) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, Petitioner has not made a substantial showing of the denial of a constitutional right. As such, the Court will also deny a COA. An appropriate Order follows.

November 10, 2021

Madeline Cox Arleo, District Judge
United States District Judge